# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| POWELL LITIGATION GROUP, P.C., )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff,　　　　　　　)<br>　　　　　　　　　　　　　　　　)　　2:12-cv-01301-RCJ-VCF<br>　　vs.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>CARMEN SANTANA et al.,　　　　　)　　**ORDER**<br>　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants.　　　　　　)<br>　　　　　　　　　　　　　　　　) | |

This is a removed state law interpleader action. Plaintiff law firm sued several Defendants in state court, including Secretary of the U.S. Department of Health and Human Services Kathleen Sebelius (the "Secretary"), in order to determine the parties' rights to disputed settlement funds held by Plaintiff pursuant to a settlement in a previous state court negligence action. The Secretary removed pursuant to 28 U.S.C. § 1444 and has moved to dismiss pursuant to Rule 12(b)(1). Specifically, the Secretary argues that the Court has no jurisdiction in interpleader to determine Medicare's right to disputed settlement proceeds because the United States has not waived sovereign immunity in this regard. Section 1444 provides for removal only where the United States has been sued under § 2410. But if the Secretary concedes that she has been sued under § 2410, which permits a plaintiff to sue the United States in interpleader in state court, *see* § 2410(a)(5), then her sovereign immunity argument would fail, as that section appears to provide a waiver to sovereign immunity. Because Plaintiff has consented to dismissal of the

Secretary via its Notice of Non-Opposition , however, the Court need not sort out this issue.

The Secretary also argues, however, that once she has been dismissed, the Court should dismiss the case in its entirety because it will lack subject matter jurisdiction over the remainder of the case.  As Plaintiff has properly requested in its Notice of Non-Opposition, however, the proper disposition after dismissal of the Secretary is remand.  It is true that there is no diversity or federal question jurisdiction, and that the only basis of removal was the presence of a federal defendant generally, *see* 28 U.S.C. § 1442(a)(1), or an interpleader action joining the United States as a claimant in particular, *see* § 1444, but once it appears that there is no subject matter jurisdiction after removal, a court has no discretion to dismiss; it must remand, *see* § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257–58 (9th Cir. 1997) (collecting cases) ("Section 1447(c) is mandatory, not discretionary. . . . Upon determining that it lacked subject matter jurisdiction, the district court was required to remand Bruns' claims against the non-federal defendants to the state court.").  Except where a statute provides otherwise, § 1447(c)'s mandatory remand rule applies to cases removed pursuant to any statute. *Fed. Sav. & Loan Ins. Corp. v. Frumenti Dev. Corp.*, 857 F.2d 665, 669–70 (9th Cir. 1988) (citing *United States v. Rice*, 327 U.S. 742, 752 (1946)).  Sections 1442, 1444, and 2410 indicate no exception to § 1447(c).

///

///

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 16) is GRANTED, and Kathleen Sebelius is dismissed as a Defendant.

IT IS FURTHER ORDERED that the case is REMANDED, and the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 15th day of October, 2013.

_____
ROBERT C. JONES
United States District Judge